UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**SAMUEL A. MERCANTI and**   Chapter 13
**ANNICK E. MERCANTI,**   Case No. 08-13780-RS

~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER**

Whereas, the Debtors filed a Chapter 13 petition on May 8, 2008; and

Whereas, on September 5, 2008, the Chapter 13 Trustee filed an Objection to Confirmation of the Debtors' Third Amended Chapter 13 Plan on the ground that their Amended Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Official Form 22C) reflected monthly disposable income under 11 U.S.C. § 1325(b) of $923.86, which when multiplied by 60 to account for their applicable commitment period of 60 months as above-median income debtors, *see* 11 U.S.C. § 1325(b)(4), would result in $55,431.60 for payment of unsecured creditors, as opposed to the sum of $3,773.33 which would provide the Debtors general unsecured creditors with a 3.17% dividend;[1] and

---

[1] Section 1325(b) provides in pertinent part:
(b)(1)If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan – . . .

Whereas, the Debtors filed a Response to the Trustee's Objection, asserting that their plan met the best efforts test, *see* 11 U.S.C. § 1325(b)(1) and (3); and

Whereas, the Court conducted a hearing on October 2, 2008 and afforded the Debtors an opportunity to submit a brief by October 13, 2008; and

Whereas, on October 8, 2008, in lieu of a brief, the Debtors filed an Amended Form 22C, an Amended Schedule J-Current Expenditures of Individual Debtor(s), and a Fourth Amended Chapter 13 Plan; and

Whereas, in Amended Form 22C, the Debtors reported monthly disposable income of $260.09;[2] and

Whereas, the Debtors' amended plan provides for a monthly plan payment of $1,091.46 and 10.76% dividend to unsecured creditors,

Now, therefore, the Court overrules the Chapter 13 Trustee's Objection to Confirmation of the Debtors' Third Amended Plan, without prejudice to the filing of an Objection to the Debtors' Fourth Amended Chapter 13 Plan. The Trustee's Objection filed on September 5, 2008 is moot in view of the Debtors' substantial amendments to their plan

---

> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to *unsecured creditors* under the plan.

11 U.S.C. § 1325(b)(1)(B)(emphasis supplied).

[2] The dramatic reduction in the Debtors' monthly disposable income in Form 22C is the result of a $737.52 deduction for "Other payments on secured claims" which appears on Line 48 of the form. The Debtors claimed this deduction for amounts necessary to cure mortgage arrears. The Debtors had not claimed this deduction before.

2

and  Chapter 13 Statement of Current Monthly Income.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 28, 2008